**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEMAL MOISE, | : | |
|     **Plaintiff,** | : | |
| | : | |
|    **v.** | : | **CIVIL ACTION NO. 26-CV-3831** |
| | : | |
| TEMPLE UNIVERSITY, | : | |
|     **Defendant.** | : | |

**ORDER**

AND NOW, this 17th day of June, 2026, upon consideration of Plaintiff Kemal Moise's

Motion to Proceed *In Forma Pauperis* (ECF No. 1), it is **ORDERED** that:

1.      The Motion is **DENIED** because, after a thorough review of the financial

information in the Motion, submitted under penalty of perjury, the Court finds that Moise is

capable of paying the fees to commence this case.[1]

2.      If Moise seeks to proceed with this case, he shall remit $405 to the Clerk of Court

within thirty (30) days of the date of this Order.

---

[1] Moise recently filed twelve civil actions in this Court using the same motion to proceed *in forma pauperis*. *See Moise v. City of Philadelphia*, No. 26-3814, at ECF No. 1; *Moise v. City of Philadelphia*, No. 26-3817, at ECF No. 1; *Moise v. Philadelphia Phillies MLB*, No. 26-3818, at ECF No. 1; *Moise v. Philadelphia Flyers NHL*, No. 26-3819, at ECF No. 1; *Moise v. Target Brands, Inc.*, No. 26-3830, at ECF No. 1; *Moise v. Temple University*, No. 26-3831, at ECF No. 1; *Moise v. UPS Pension & Retirement*, No. 26-3832, at ECF No. 2; *Moise v. Philadelphia Union MLS*, No. 26-3833, at ECF No. 1; *Moise v. Moravia Health*, No. 26-3834, at ECF No. 1; *Moise, et al. v. Public Schools Employees Retirement System*, No. 26-3835, at ECF No. 1; *Moise v. Mrs. Siddeequah Felder, et al.*, No. 26-3927, at ECF No. 1; *Moise v. Broadway Auto Sales*, No. 26-3928, at ECF No. 1.

In each motion, Moise declared under penalty of perjury that he currently earns a monthly income from employment with the City of Philadelphia, that he earns additional monthly income from operating his own pool company, that he expects to earn $17,500 from these two income sources next month, and that he owns assets (including real estate) worth over 2 million dollars. Having reviewed Moise's financial circumstances as a whole, including his stated monthly expenses, the Court concludes that he can afford to pay the applicable fees. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

3.      If Moise fails to comply with this Order, his case may be dismissed without further notice for failure to prosecute.

BY THE COURT:

/s/ Gerald Austin McHugh

GERALD A. MCHUGH, J.